IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICKI PIONTEK,** | : | **CIVIL NO. 1:08-1207** |
| **Plaintiff,** | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **I.C. SYSTEM,** | : | |
| **Defendant.** | : | |

## M E M O R A N D U M and O R D E R

Before the court are two discovery disputes.  Plaintiff Vicki Piontek seeks to depose Defendant's CEO and to conduct video depositions without a stenographer, and Defendant opposes both requests.  These issues will be addressed in turn.

### 1.        CEO Deposition

Plaintiff seeks to depose Defendant's CEO in this Fair Debt Collection Practices Act case.  Plaintiff's FDCPA claim is based on a single telephone call from a bill collector employed by Defendant.  Plaintiff, a consumer debtor, alleges that the bill collector violated FDCPA by contacting her after Defendant knew that Plaintiff was represented by an attorney.  (Complaint ¶ 8.)  Plaintiff claims that it is necessary to depose Defendant's CEO in order to show that the CEO knows nothing about the FDCPA and chose to delegate the responsibility for FDCPA compliance.  According to Plaintiff, a CEO's job is to understand the statute, and the delegation of this responsibility would support the award of punitive damages to her.  Defendant responds that it has already offered to produce for deposition the senior supervisor in charge of maintaining an employee manual outlining company procedures for FDCPA compliance, and the bill collector who contacted her.

Defendant further notes that unlike the two individuals made available to testify, the CEO has no personal knowledge of either the details of Piontek's case, or the company's FDCPA compliance policies.  Instead, Defendant charges that this request is made for the purpose of harassment.

The court agrees with Defendant that it need not provide its CEO for deposition at this time.  "Courts throughout the country have prohibited the deposing of corporate executives who have no direct knowledge of a plaintiff's claim when other employees with superior knowledge are available to testify." *Roman v. Cumberland Ins. Group*, No. 07-CV-1201, 2007 WL 4893479, at *1, n.1 (E.D. Pa. Oct. 26, 2007) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).  Here, Defendant's CEO has no direct knowledge of Plaintiff's claim, and Defendant has made available two employees with superior knowledge.  Accordingly, Defendant will not be required to produce its CEO to be deposed.

**2.          Transcription of Depositions**

Plaintiff seeks to conduct video depositions without a simultaneous transcription by a court reporter.  This court's local rules provide that "A stenographic transcript of the [video] deposition shall not be required, unless, upon motion of any party, or *sua sponte*, the court so directs, and apportions the cost of same among the parties as appropriate."  M.D. Pa. Local R. 30.4.  The court elects to direct the parties to produce simultaneous transcriptions of the depositions in this case, so as to ensure a complete and accurate record of the deposition.  The transcription need not be provided by a court reporter, but it must be performed by someone other than the parties, during the deposition, and the transcriptions must

include page and line numbers.  The parties shall bear their own costs for the depositions they request.

Accordingly, **IT IS HEREBY ORDERED THAT**:

(1)     Plaintiff will not be permitted to depose Defendant's CEO at this time.

(2)     Depositions taken in this case shall be simultaneously transcribed by someone other than the parties, and shall include page and line numbers.  Each party shall bear the costs of the depositions they request.

                    s/Sylvia H. Rambo
                    SYLVIA H. RAMBO
                    United States District Judge

Dated:  October 22, 2008.

3