IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICKI PIONTEK,** | : | **CIVIL NO. 1:08-1207** |
| **Plaintiff,** | : | **JUDGE SYLVIA H. RAMBO** |
| v. | : | |
| **I.C. SYSTEM,** *et al.* | : | |
| **Defendants.** | : | |

## **M E M O R A N D U M and O R D E R**

Before the court is Plaintiff's second motion in limine. Plaintiff seeks to preclude Defendants from offering evidence of Plaintiff's consumer advocacy activities, specifically Plaintiff's numerous prior unsuccessful lawsuits against other debt collectors, and Plaintiff's YouTube videos. Plaintiff argues that such evidence is irrelevant to her Fair Debt Collection Practices Act ("FDCPA") claims against Defendants in this case. At the pretrial conference, Defendants argued that such evidence is relevant to show: (1) that Plaintiff's motive is to avoid paying her bills by setting up bill collectors for lawsuits; and (2) to negate Plaintiff's claim for emotional damages. The court agrees with Plaintiff that the evidence is irrelevant if offered to prove motive; however, evidence of Plaintiff's prior lawsuits are relevant to negate Plaintiff's claim for emotional damages.

Federal Rule of Evidence 402 excludes irrelevant evidence from admission at trial. Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, Plaintiff's motivation for her actions giving rise to the suit, or for bringing the suit, are irrelevant to the issue of whether Defendants violated the FDCPA through their dealings with her. Plaintiff claims that Defendants violated

the FDCPA by (1) contacting her despite knowing that she was represented by an attorney, and (2) making misrepresentations regarding their attempts to contact her attorney.  Even if Defendants successfully proved that Plaintiff's goal was to set them up for a lawsuit, their liability under the FDCPA would not be negated.  Accordingly, evidence of Plaintiff's past lawsuits and YouTube videos are irrelevant if offered by Defendants to prove Plaintiff's motive, and shall be inadmissible at trial for that purpose.

However, evidence of Plaintiff's prior lawsuits is relevant if offered by Defendant to negate Plaintiff's claim for emotional damages.  Plaintiff is seeking $5,000 in emotional damages allegedly caused by Defendants' phone call to her.  Evidence of Plaintiff's past lawsuits is relevant prove, for example, that Plaintiff's alleged emotional damages were caused by the actions of another debt collector rather than Defendants or that Plaintiff .  Accordingly, the challenged evidence is admissible if offered by Defendant to negate Plaintiff's claim for emotional damages.

Accordingly, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's second motion in limine (Doc. 56) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (a) Evidence of Plaintiff's prior lawsuits and YouTube videos are inadmissible to prove Plaintiff's motive;

    (b) Evidence of Plaintiff's prior lawsuits is admissible to negate Plaintiff's claim for emotional damages.

(2) Plaintiff shall inform the court prior to trial if she intends to withdraw her claim for emotional damages.

Dated:  April 17, 2009                    s/Sylvia H. Rambo
                                                   United States District Judge