IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICKI PIONTEK,** | **CIVIL NO. 1:08-1207** |
| Plaintiff, | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **I.C. SYSTEM,** *et al.* | |
| Defendants. | |

## **M E M O R A N D U M and O R D E R**

The background of this order is as follows. This case is scheduled for a jury trial on May 12, 2009. Pretrial memos were due on April 9, 2009, and a pretrial conference was held on April 16, 2009. Plaintiff's complaint and pretrial memos both failed to provide pinpoint citations to the statutory authority for Plaintiff's state law cause of action in this case, and Plaintiff's counsel was unable to provide a citation to the relevant authority at the pretrial conference. Additionally, Plaintiff failed to submit proposed jury instructions. Accordingly, on April 16, 2009, the court issued an order requiring Plaintiff to submit (1) a pinpoint statutory citation supporting Plaintiff's claim under the Pennsylvania Unfair Trade and Consumer Protection Law, and (2) proposed jury instructions. (Doc. 58.) On April 24, 2009, Plaintiff submitted both her proposed jury instructions (Doc. 60) and a five page "summary of statutory authority," consisting of a printout of three state statutes in their entirety. (Doc. 62.)

Plaintiff's submissions are both deficient. Plaintiff's proposed jury instructions fail to include instructions on Plaintiff's state law claims, and the summary of statutory authority for that claim includes no pinpoint citations. The

starting point for jury instructions is the legal authority for the claim. In this case, the legal authority for Plaintiff's state law claim is a state statute. However, one of the statutes cited by Plaintiff, 73 Pa. Cons. Stat. Ann § 2270.4, includes no fewer than forty-eight subdivisions, proscribing numerous actions by either debt collectors or creditors. The court cannot determine from Plaintiff's complaint or her submissions to this court which subdivisions Plaintiff alleges Defendant has violated. Thus, Plaintiff must submit a pinpoint citation is a citation to the relevant subdivision within the statute.

Because the trial date is fast approaching, Plaintiff will also be required to submit jury instructions on her state law claim. These instructions should be sufficient to inform the jury of the elements of her cause of action, and include any relevant definitions.

**IT IS HEREBY ORDERED THAT**:

(1) No later than May 1, 2009, Plaintiff shall submit to the court pinpoint citations to the statutory authority supporting her state law claims;

(2) No later than May 1, 2009, Plaintiff shall submit proposed jury instructions on her state law claims.

                                                         s/Sylvia H. Rambo
                                                         United States District Judge

Dated: April 27, 2009.